CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JUL 0 5 2007
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JOSEPH MELVIN,<br><br>       *Plaintiff,*<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY<br><br>       *Defendant.* | CIVIL NO. 6:06cv00032<br><br>MEMORANDUM OPINION and ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the parties' cross-motions for summary judgment. By standing order of the Court, the motions were referred to the Honorable Michael F. Urbanski, United States Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Report and Recommendation ("Report") on May 25, 2007, recommending that this Court enter an order affirming the Commissioner's final decision denying Plaintiff's claim for disability benefits, granting the Commissioner's motion for summary judgment, and dismissing this case from the Court's docket. Plaintiff timely filed Objections to the Report on June 1, 2007, obligating the Court to undertake a de novo review of those portions Report to which objection was made. *See* 28 U.S.C. § 636(b)(1); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982).

Plaintiff applied for disability insurance benefits and supplemental security income on May 13, 2003. After the state agency denied his claim initially and on reconsideration, he requested an administrative hearing. On April 19, 2005, an Administrative Law Judge ("ALJ") conducted a hearing at which Plaintiff, who was represented by counsel, appeared and testified.

On June 22, 2005, the ALJ issued a decision finding Plaintiff not disabled under the Social Security Act. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on July 7, 2006, making the ALJ's decision the final decision of the Commissioner. Plaintiff was 39 years old when the ALJ issued the decision. He alleged disability since May 13, 2003, due to high blood pressure, gout, cirrhosis of the liver, and hepatitis C; his central contention was that his gout forces him to lie down twice per week for approximately one to two hours and that gout-related flare-ups force him to stay in bend for at least two or three days.

After a thorough examination of the Plaintiff's objections, the applicable law, the documented record, and the Report, the Court overrules all objections. The Commissioner's finding that Plaintiff's impairments, though evident in the record, do not result in an inability to work because his current medications are fully controlling his symptoms is supported by substantial evidence. (R. 232-234; 274-277) The Commissioner's finding that Plaintiff's testimony is not wholly credible because the record establishes that he ignored his doctors' instructions regarding methods to minimize discomfort and there is no evidence in the record that his condition significantly impeded his physical activities is also supported by substantial evidence. (R. 160, 186-87, 190, 202) In light of conflicting evidence contained in the record, it is the duty of the ALJ to fact-find and resolve any inconsistencies between a claimant's alleged symptoms and his ability to work. *See Smith v. Carter*, 99 F.3d 635, 638 (4th Cir. 1996).

The ALJ is not required to accept Plaintiff's testimony that he is disabled by pain and confined to a bed several days each month, but rather must determine, through an examination of the objective medical record, whether he has proven an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Craig v. Chater*, 76 F.2d 585, 592-92 (4th Cir. 1996). Then, the ALJ must determine whether claimant's statements about his

symptoms are credible in light of the entire record. Credibility determinations are in the province of the ALJ, and courts normally ought not interfere with those determinations. *See Hatcher v. Sec'y of Health & Human Servs.*, 898 F.2d 21, 23 (4th Cir. 1989).

The ALJ's conclusions are supported by substantial evidence, and will not be disturbed. For the foregoing reasons, the Magistrate Judge's Report is ADOPTED in its entirety. The Commissioner's decision is AFFIRMED and his motion for summary judgment (docket entry no. 14) is GRANTED. Plaintiff's motion for summary judgment (docket entry no. 12) is DENIED. The Clerk is hereby ordered to DISMISS this case and STRIKE it from the docket of the Court.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: *Norman K. Moon*
United States District Judge

Date: July 5, 2007